UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SUTTON, JR.,

    Plaintiff,

v.                                                                                    Case No. 07-14897

PAUL C. HENDRICKSON, ROBERT                     HONORABLE AVERN COHN
S. PIPER, SUSAN GAINES, and MARY
O'BRIEN,

    Defendants.

_____/

# MEMORANDUM AND ORDER GRANTING DEFENDANT PAUL C. HENDRICKSON'S MOTION TO DISMISS[1]

I. Introduction

This is a case under the Fair Housing Act, 42 U.S.C. § 3601 et seq. Plaintiff ("Sutton"), proceeding pro se and in forma pauperis, alleges that he was denied reasonable accommodation in his application to Freedom Square Apartments. Sutton has named the following defendants: "Paul C. Hendrickson (Hendrickson), in both his individual capacity and as designated officer of Freedom Square Limited Dividend Housing Association Limited Partnership, Robert S. Piper, in both his individual capacity and as designed officer/agent of Piper Realty Company, Susan Gaines, in both her individual capacity and as Property Manager and Mary O'Brien, in her individual capacity and as On-Site Property Manager."[2]

Before the Court is Hendrickson's motion to dismiss. Sutton has filed a response

---

[1] Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] All of the defendants have been served. Piper, Gaines, and O'Brien are represented by the same counsel. Hendrickson is represented by separate counsel.

and a paper styled "Notice of Cross-Motion and Cross Motion for Legitimate Discovery Efforts to "Piercing of Corporate Veil," which the Court deems part of his response in opposition to Hendrickson's motion to dismiss.  For the reasons that follow, Hendrickson's motion will be granted and Sutton's motion will be denied.

II.  Background

The following information is gleaned from the complaint, the parties' papers, and other materials in the record.

Sutton, an African-American man, alleges he is disabled.  Freedom Square Apartments is a tax subsidized apartment complex located in Farmington Hills, Michigan.  The complex includes 23 units which are subject to tax credits under an agreement with the Michigan State Housing Development Authority which requires the units be leased to individuals 62 years or older or who are 55 years or older with a disability.  As reflected in Exhibit K to Sutton's complaint, Freedom Square Apartments is owned by Freedom Square Limited Dividend Housing Association Limited Partnership, a Michigan limited partnership (Freedom Square Limited Partnership).  Hendrickson is Chairman of FCA Senior Citizen Housing Corporation, which is the general partner in the Freedom Square Limited Dividend Housing Association Partnership.  Freedom Square Apartments is managed by defendant Piper Realty Company under a Management Agreement.   Hendrickson signed the Management Agreement on behalf of the general partner, FCA Senior Citizen Housing Corporation.

Defendants Robert Piper, Susan Gaines, and Mary O'Brien are associated with Piper Realty.

In August 2007, Sutton submitted an application for an apartment at Freedom Square Apartments.  His application was rejected on the grounds that his credit report did not meet the criteria for leasing an apartment.  Sutton disputes this reason and says he made several attempts, which included meetings, to clarify the basis for the rejection

and also requested an accommodation due to his disability. He alleges that his rejection was due to defendants' efforts to reduce or exclude African-Americans and disabled persons from the apartment complex. He claims defendants violated the Fair Housing Act. He seeks monetary and declaratory relief.

### III. Motion to Dismiss

A motion under Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). To survive a motion to dismiss under Rule 12(b)(6), a "'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S. Ct. 1955, 1974 (2007). "[E]ven though a complaint need not contain "detailed" factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Assn. of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007), citing Twombly (internal citations and quotation marks omitted).

### IV. Analysis

As to whether Sutton has stated a claim against Hendrickson, both cite Meyer v. Holley, 537 U.S. 280 (2003) in support. Meyer is a housing discrimination case where the prospective homebuyers sued the sole shareholder and president of a real estate

3

corporation, David Meyer, seeking to hold him vicariously liable for his employee's alleged violation of the Fair Housing Act. The Supreme Court held that the Fair Housing Act does not create a non-delegable duty not to discriminate by an officer or owner of a corporation and traditional vicarious liability rules apply to discrimination claims brought under the Fair Housing Act. Id. at 285.

The Supreme Court went on to hold that "in the absence of special circumstances, it is the corporation, not its owner or officer, who is the principal or employer, and thus subject to vicarious liability for torts committed by its employees or agents." Id. at 286. Mere control of a corporate employee who commits illegal acts is not enough to justify liability for the corporation's owners and officers for purposes of the Fair Housing Act. Id. The Supreme Court then remanded the case for further fact-finding to determine whether vicarious liability principles warranted liability. Id. at 291-2.

The Court agrees that the appropriate frame of analysis for whether Hendrickson is liable is the traditional vicarious liability principles described in Meyer. In Meyer, Meyer owned the corporation and was the licensed agent ultimately responsible for the sale of the property. Here, by contrast, Hendrickson is merely an officer of FCA Senior Citizen Housing Corporation, which is the general partner in the limited partnership that owns Freedom Square Apartments, Freedom Square Limited Partnership. Hendrickson is one step removed from the facts in Meyer. Under Meyer, vicarious liability only lies with the partnership, not its owners or officers. Thus, Sutton's claims of wrongful discrimination only arise against the entities employing those that allegedly wronged him. The complaint identifies O'Brien, Gaines, and Piper as the individuals involved in the evaluation process for Sutton's application. He does not allege any wrongful acts by Hendrickson aside from his role as Chairman of the FCA Senior Citizen Housing Corporation, the general partner in the Freedom Square Limited Dividend Housing Association Limited Partnership . Accordingly, Sutton's claims are against either agents

4

of Piper Realty or against the owner of the Freedom Square Apartments - Freedom Square Limited Partnership - not Hendrickson. Hendrickson is not liable based on his role as an officer of the corporation which is the general partner in the limited partnership which owns Freedom Square Apartments. As such, Sutton has not stated a viable claim against Hendrickson.

B.

As noted above, Sutton has filed a paper styled "Notice of Cross-Motion and Cross Motion for Legitimate Discovery Efforts to "Piercing of Corporate Veil" in which he asserts that the FCA is the alter ego of Hendrickson and prays for discovery in order to find factors allowing for the piercing of the corporate veil. Here, Sutton has not sued a corporation, and accordingly cannot "pierce" through one to the personal assets of its owners. Put simply, there is no corporate veil to pierce. As explained above, Sutton can sue the owner of Freedom Square Apartments - Freedom Square Limited Partnership - not Hendrickson.

V. Conclusion

For the reasons stated above, Hendrickson's Motion to Dismiss is GRANTED. Sutton's motion is DENIED.

SO ORDERED.

       s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: March 7, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and David Sutton, Jr, 24805 Verdant Sq, Farmington Hills, MI 48335 on this date, March 7, 2008, by electronic and/or ordinary mail.

       s/Julie Owens
       Case Manager, (313) 234-5160